```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REYNARD GREGORY                  :    CIVIL ACTION
                                 :
         v.                      :
                                 :
DONALD T. VAUGHN                 :    NO. 06-4843
```

MEMORANDUM

Bartle, C.J.                                         December 20, 2006

      Pro se petitioner, Reynard Gregory, a state prisoner, brings this motion under Rule 60(b) to reopen an earlier habeas corpus application filed with this court pursuant to 28 U.S.C. § 2254.

      In his present motion, petitioner challenges both the merits of his underlying conviction and the failure of the court to dismiss the earlier application because it contained two unexhausted claims.  The two allegedly unexhausted claims he had numbered nine and ten.  In claim nine, petitioner argued that the trial court lacked jurisdiction when it tried petitioner on robbery charges because a prima facie showing was never established on those charges at the preliminary hearing.  In claim ten, petitioner urged that he was denied effective assistance of counsel at every critical stage, because counsel failed to raise the lack of the court's jurisdiction.

      In his Report and Recommendation, Magistrate Judge Thomas Rueter recommended that this court deny all claims and that claims nine and ten be denied on the grounds of procedural

...
...

...

default.  This court adopted the Report and Recommendation on April 26, 2004 and declined to grant petitioner a certificate of appealability.  On May 9, 2006, petitioner moved in the Court of Appeals for the Third Circuit for leave to file a second or successive habeas corpus application.  By order dated June 1, 2006, the Court of Appeals denied petitioner's application on the grounds that it failed to make a prima facie showing that the requirements of § 2244(b) had been met and that any challenge to the district court's determination of petitioner's original habeas application should have been presented in an appeal from that decision, not in a § 2244 application.  Petitioner then filed his present motion under Rule 60(b) on October 30, 2006, in which he reasserts his claims nine and ten from his original habeas application.

When a state petitioner, as here, files a motion for relief from final judgment under Rule 60(b), the court must consider whether the substance of the motion actually seeks to attack collaterally the merits of the underlying judgment. Gonzalez v. Crosby, 125 S. Ct. 2641 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  If so, it is the functional equivalent of a habeas corpus application, and the petitioner must obtain authorization from the Court of Appeals to proceed if it is a second or successive such application. Gonzalez, 125 S. Ct. at 2647; Pridgen, 380 F.3d at 727; citing 28 U.S.C. § 2244(b)(3)(A).  In the instant motion, petitioner challenges the merits of the underlying judgment against him by alleging his

actual innocence.  Additionally, at least two Courts of Appeals have noted that "a denial on grounds of procedural default constitutes a disposition on the merits."  Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005); Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998).  Thus, to the extent petitioner attacks his underlying conviction, he is making a successive habeas application, not merely an "attack on the manner in which the earlier habeas judgment was procured."  Id.  Accordingly, to the extent that it concerns the merits of his underlying conviction, we will dismiss petitioner's pending motion without prejudice to his right to seek proper authorization from the Court of Appeals to go forward in this court.  See 28 U.S.C. § 2244(b).

The remainder of petitioner's claim, which challenges the procedures used to decide his prior habeas application, is properly before this court.  See Gonzalez, 125 S. Ct. 2641.  Rule 60(b) allows the court to relieve a party from a final judgment for certain, enumerated reasons.  Petitioner brings his claim under the Rule's catchall provision, which permits a court to reopen a judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6). Petitioner claims that he is entitled to relief because this court erred in finding his habeas claims nine and ten procedurally defaulted while those claims were still pending in the state court.  Petitioner believes that because his habeas application contained a mix of exhausted and unexhausted claims,

this court should have dismissed the entire application under the rule of "total exhaustion" as set forth in Rose v. Lundy, 455 U.S. 509, 522 (1982).

This attack on a "defect in the integrity of the federal habeas proceedings," Gonzalez, 125 S. Ct. at 2648, must be denied as moot.  Petitioner is correct that, at the time this court decided his habeas application, the Pennsylvania state courts had not yet concluded their review of the timeliness of those claims under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546.  However, Magistrate Judge Thomas Rueter addressed this issue in his Report and Recommendation.  This court determined that it could entertain the unexhausted claims in petitioner's habeas application because a one-year state statute of limitations would clearly bar those claims, making petitioner's return to the state courts futile. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  Indeed, on August 8, 2005, the Superior Court of Pennsylvania affirmed an order of the Court of Common Pleas of Philadelphia County, holding that petitioner's claims were, in fact, time barred. Thus, petitioner's present claim of legal error under Rule 60(b)(6) is without merit.

Even if petitioner's challenge to the procedures used to decide his original habeas application were not moot, he makes no allegations justifying relief under Rule 60(b)(6).  To succeed under Rule 60(b)(6), the Supreme Court has explained that a petitioner must show "extraordinary circumstances."  Gonzalez,

125 S. Ct. 2641, 2649, quoting <u>Ackerman v. United States</u>, 340 U.S. 193, 199 (1950); <u>Pridgen</u>, 380 F.3d at 728.  The Court of Appeals for the Third Circuit has made it clear that legal error does not justify 60(b)(6) relief.  "Legal error does not by itself warrant the application of Rule 60(b). ....  Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)."  <u>Pridgen</u>, 380 F.3d at 728, quoting <u>Martinez-McBean v. Government of Virgin Islands</u>, 562 F.2d 908, 912 (3d Cir. 1977).

      Accordingly, petitioner's Rule 60(b)(6) attack on the habeas proceeding itself will be denied.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| REYNARD GREGORY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN | : | NO. 06-4843 |

ORDER

AND NOW, this 20th day of December, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) to the extent that it concerns the merits of his underlying conviction, the motion of petitioner Reynard Gregory for "Relief from the Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)," is DENIED without prejudice to his right to seek proper authorization from the Court of Appeals to go forward in this court; and

(2) to the extent that it concerns an attack on the habeas proceeding itself, the motion of petitioner for relief is DENIED.

BY THE COURT:


/s/ Harvey Bartle III
                                                        C.J.